

FILED
SEP - 8 2014
DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TONYA LOOMIS                                                         PLAINTIFF

VS.                       CIVIL ACTION NO. 1:14CV159-DMB-DAS

STARKVILLE MISSISSIPPI PUBLIC                  DEFENDANT
SCHOOL DISTRICT

## COMPLAINT

COMES NOW the Plaintiff, Tonya Loomis, and complains of the Defendant, Starkville Mississippi Public School District, and says:

1. The Plaintiff is an adult resident citizen of Starkville, Oktibbeha County, Mississippi.

2. The Defendant Starkville, Mississippi Public School District, is a political subdivision of the State of Mississippi. Dr. Lewis Holloway is the current superintendent of the Starkville, Mississippi Public School District, and is authorized to accept legal process.

3. This is an action arising under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 (e) et.seq. as amended. This Court has original subject matter jurisdiction pursuant to 28 U.S. C. § 1331.

4. On or about November 1, 2013, the Plaintiff filed a charge of discrimination with the United States Equal Opportunity Commission (EEOC), a true and correct copy of which is attached hereto as Exhibit "A". On June 19, 2014, the EEOC issued Plaintiff a right to sue letter, a true and correct copy of which is attached hereto as Exhibit "B".

5. The Plaintiff is employed as an assistant principal of Sudduth Elementary School, which is within the Starkville, Mississippi Public School District.

6. In June, 2013, the Plaintiff was provided with a contract renewing her employment for the 2013-2014 school year. A true and correct copy of said contract is attached hereto as Exhibit "C".

7. Despite having more administrative experience and more experience as a public school employee, the Plaintiff, who is female, received a lower pay increase than male assistant principals similarly situated who had less administrative and overall experience.

8. Despite the Defendant not having posted adequate information or forms relative to how to initiate a complaint for sexual discrimination, the Defendant registered a complaint with her superiors, including the superintendent, Dr. Lewis Holloway, in which she asked that she be given the same percentage pay increase, five percent (5%) as was given to her male counterpart(s) with the same position, but less administrative and overall experience.

9. In August 29, 2013, the Defendant, acting through Holloway, presented the Plaintiff with a revised contract which effectively lowered the Plaintiff's compensation for the 2013-2014 school year in retaliation for the Plaintiff having exercised her right to complain of the discriminatory action under Title VII. The Plaintiff refused to sign the proffered contract, a copy of which is attached hereto as Exhibit "D".

10. In addition to attempting to have the Plaintiff accept a reduction in compensation in retaliation for her having complained of discrimination, the superintendent verbally abused the Plaintiff and suggested that if she didn't accept the retaliatory contract she could either resign or he would adjust the compensation under the original contract to reduce it to an amount equal to the proffered contract. The superintendent did not follow through on his threat to recalculate the Plaintiff's compensation.

11. On September 3, 2013, the Plaintiff filed a grievance letter regarding the August 29, 2013 incident with her principal, but was not provided with the form for submitting such a grievance or for making a complaint of disparate sexual discrimination and/or retaliation. On September 10, 2013, the Plaintiff's immediate supervisor, her principal, responded that the principal had been advised by Holloway that she did not have any authority to grant the grievance. The Plaintiff also provided a copy of the grievance to the Starkville School Board, as the only entity having authority over the superintendent, but the School Board never acted on the Plaintiff's complaint.

12. Holloway has continued to intimidate the Plaintiff, singling her out from her peers and intimating that she is being reviewed for poor performance, which has placed the Plaintiff in a false light and caused her additional mental anguish and emotional distress.

13. Plaintiff is entitled to judgment for the difference in pay that she should have received but for the discriminatory actions of the Defendant, including back and front pay.

14. Plaintiff is further entitled to injunctive relief to prevent further acts of discrimination, retaliation and intimidation, including the following:

   a. The Defendant should be enjoined to amend its policies so as to clearly state the procedure for initiating and maintaining a complaint for disparate treatment discrimination and to provide forms for initiating such a complaint.

   b. The Defendant should be enjoined to have forms for initiating complaints and grievances in all schools throughout the district.

   c. The Defendant should be enjoined to amend its policies so as to provide a clear statement of how complaints and/or grievances involving the superintendent should be handled, as well as how and whom complaints and grievances should be addressed when the offending party is the complaining party's immediate or ultimate supervisor or superior.

   d. The Defendant should be enjoined to require all supervisory staff, including the superintendent, to participate in and successfully complete an EEOC approved and court sanctioned diversity training program.

3

  e. The Defendant should be enjoined to require Dr. Lewis Holloway to undergo anger management counseling and to suspend him from exercising supervisory duties until he has completed such counseling.

15. Defendant should be further enjoined from violating Title VII and should be required to report to the Court or, at the Court's direction, to the EEOC all administrative actions concerning the Plaintiff and others similarly situated for a period of three (3) years.

16. The Defendant's actions have been so outrageous, willful, persistent and pervasive as to warrant the imposition of punitive damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment of and against the Defendant, compensatory, actual and punitive damages, together with interest, injunctive relief as set forth above and all costs of this court and the Plaintiff's reasonable attorneys fees. The Plaintiff demands trial by jury.

            Respectfully submitted,

            HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
            Attorneys for Tonya Loomis

            By: _____
            THOMAS A. WICKER, MSB #7182

HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
POST OFFICE DRAWER 409
TUPELO, MISSISSIPPI 38802
(601) 842-1721
Attorneys for the Plaintiff, Tonya Loomis

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Agency(ies) Charge No(s): <br> 423-2014-00040 |
|---|---|---|

and EEOC
_____
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tonya Loomis | (662) 552-4954 | 04-28-1972 |

| Street Address | City, State and ZIP Code |
|---|---|
| 204 Oakmont, Starkville, MS 39759 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STARKVILLE PUBLIC SCHOOL DISTRICT | 500 or More | (662) 324-4050 |

| Street Address | City, State and ZIP Code |
|---|---|
| 401 Greensboro Street, Starkville, MS 39759 | |

RECEIVED
NOV - 1 2013
U.S. EEOC/JAO

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION <br> ☒ OTHER (Specify) Equal Pay | Earliest: 06-18-2013    Latest: 08-29-2013 <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on August 1, 2012, as an Assistant Principal at Sudduth Elementary School. On June 18, 2013, I was denied a raise in salary while two less qualified male assistant principals were given raises in salary. On August 29, 2013, I was retaliated against for making a complaint about disparate treatment based on my gender (female) from Lewis Holloway (Male) Superintendent. His attitude and statements to me prior to a meeting created a hostile work environment.

Mr. Holloway became verbally abusive and presented me with another contract. He screamed at me and told me I could either accept the new contract, refuse to sign it in which case he would simply deduct $4,900 from my pay, or that I could just quit.

I believe that I am being discriminated against because of my gender (female) and in retaliation for complaining about an unlawful employment act in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964, as amended since:

I have 11½ years of public education, 4 years of private education, and 5 ½ years in administration. 6 yrs Teaching in public schools

Two less qualified males (Jim Gassaway has 7-8 years in education, 3 years in administration) and Ramon Forbes has 5 years in education and 1 year in administration) holding the same position that I hold (Assistant Principal) were given raises.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10/23/2013    /s/ Tonya Loomis <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT "A"



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2014 4965

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

June 19, 2014

Ms. Tonya Loomis
c/o Thomas Wicker, Esquire
Law Office of Thomas Wicker
P.O. Drawer 409
Tupelo, MS  38802-0409

Re:  EEOC Charge Against Starkville Public School Dist.
     No. 423201400040

Dear Ms. Loomis:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Jackson Area Office, Jackson, MS.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    Jocelyn Samuels
                                    Acting Assistant Attorney General
                                    Civil Rights Division

                              by    *Karen S. Ferguson*
                                    Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc: Jackson Area Office, EEOC
    Starkville Public School Dist.

Wed.
9/17/14

**EXHIBIT "B"**

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Tonya Loomis<br>204 Oakmont<br>Starkville, MS 39759 | From: | Jackson Area Office<br>100 West Capitol Street<br>Suite 338<br>Jackson, MS 39269 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2014-00040 | Jackie T. Blackwell,<br>Investigator | (601) 948-8453 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Wilma Jones Scott,
Area Director

JUN 19 2014
*(Date Mailed)*

Enclosures(s)

cc:
Superintendent
STARKVILLE PUBLIC SCHOOL DISTRICT
401 Greensboro Street
Starkville, MS 39759

Thomas Wicker, Esq.
Post Office Drawer 409
Tupelo, MS 38802-0409

Dolton W. McAlpin, Esq.
Post Office Box 867
Starkville, MS 39759

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CONTRACT OF EMPLOYMENT
# WITH
# MISSISSIPPI PUBLIC SCHOOL DISTRICT FOR
# ASSISTANT SUPERINTENDENT, PRINCIPAL AND CERTIFICATED EMPLOYEE

This agreement is entered into as of the dates indicated below, by and between **Tonya Loomis** (employee), and the **Starkville School District** (employer), with the employee having been duly elected and approved for employment by the school board of the employer.

This agreement provides:

That the employee will be employed by the employer for the scholastic year(s) **2013-2014** and shall hold the position of **Assistant Principal/Sudduth.**

That the employee will be employed for **200** days during said scholastic year. And that the employee shall be available to perform assigned duties beginning on **7/25/13** and ending on **6/05/14** or otherwise, as may be amended by the employer due to an emergency or other good cause in accordance with the policies of the employer.

That the employee will perform assigned duties during the school term. And that the school term will consist of **180** days and will commence and end on dates established in accordance with the policies of the employer.

That the employee agrees to reassignment during the school term to any area for which a valid certificate is held.

That in consideration for the duties performed under this agreement, the employer agrees to compensate the employee with an annual salary of **$53,129** which shall be paid in **12** equal installments with the first payment beginning on the last working day of the month for which duties are performed. And that the annual salary is established in accordance with the policies of the employer and is based on an amount from the Minimum Program Salary scale for the appropriate certificate and years of experience of the employee and an amount from the local salary supplement scale of the employer, and/or an amount from the employer as compensation for which other duties are to be performed by the employee.

This contract shall be subject to all applicable policies, resolutions, rules and regulations of the employer, the Mississippi Educator Code of Ethics and Standard of Conduct adopted by the state Board of Education, and the laws of the State of Mississippi, copies which are available from the superintendent's office.

This contract of employment has been executed in duplicate on the dates indicated as witnessed by the signature of the employee and the duly authorized superintendent.

_____  
Dr. Lewis Holloway, Superintendent

_____  
Employee

June 12, 2013  
Date

June 18, 2013  
Date

*Starkville School District does not discriminate on the basis of sex, race, religion, color, national origin, age or handicap*

-------------------------------------------------------------------------------

Certification Level and Years Experience: **AA 10 - 0**  
Notation:

# EXHIBIT "C"

# CONTRACT OF EMPLOYMENT
# WITH
# MISSISSIPPI PUBLIC SCHOOL DISTRICT FOR
# ASSISTANT SUPERINTENDENT, PRINCIPAL AND CERTIFICATED EMPLOYEE

This agreement is entered into as of the dates indicated below, by and between **Tonya Loomis** (employee), and the **Starkville School District** (employer), with the employee having been duly elected and approved for employment by the school board of the employer.

This agreement provides:

That the employee will be employed by the employer for the scholastic year(s) **2013-2014** and shall hold the position of **Assistant Principal/Sudduth.**

That the employee will be employed for **220** days during said scholastic year. And that the employee shall be available to perform assigned duties beginning on **7/11/13** and ending on **6/19/14** or otherwise, as may be amended by the employer due to an emergency or other good cause in accordance with the policies of the employer.

That the employee will perform assigned duties during the school term. And that the school term will consist of **180** days and will commence and end on dates established in accordance with the policies of the employer.

That the employee agrees to reassignment during the school term to any area for which a valid certificate is held.

That in consideration for the duties performed under this agreement, the employer agrees to compensate the employee with an annual salary of **$53,906** which shall be paid in **12** equal installments with the first payment beginning on the last working day of the month for which duties are performed. And that the annual salary is established in accordance with the policies of the employer and is based on an amount from the Minimum Program Salary scale for the appropriate certificate and years of experience of the employee and an amount from the local salary supplement scale of the employer, and/or an amount from the employer as compensation for which other duties are to be performed by the employee.

This contract shall be subject to all applicable policies, resolutions, rules and regulations of the employer, the Mississippi Educator Code of Ethics and Standard of Conduct adopted by the state Board of Education, and the laws of the State of Mississippi, copies which are available from the superintendent's office.

This contract of employment has been executed in duplicate on the dates indicated as witnessed by the signature of the employee and the duly authorized superintendent.

_____     _____
Lewis Holloway, Superintendent                                               Employee

August 28, 2013_____     _____
Date                                                                                 Date

*Starkville School District does not discriminate on the basis of sex, race, religion, color, national origin, age or handicap*

-------------------------------------------------------------------------------------------------------------------

Certification Level and Years Experience: **AA  16 - 1**
Notation:

# EXHIBIT "D"